Daniel A. Platt (SBN 132665)/Evan Dwin (SBN 241027)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:   310.788.4400
Facsimile:    310.788.4471

Attorneys for defendant JULIO CANANI

Thomas Pahl (SBN 264189)
FOLEY & MANSFIELD P.L.L.P.
150 Los Robles Avenue, Suite 400
Pasadena, CA 91101
Telephone:  626.744.9359
Facsimile:    626.744.1702

Attorneys for Plaintiff EVEREST STABLES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST STABLES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JULIO CANANI, individually and d/b/a/ TARMA CORPORATION; ROGER LICHT and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO. CV 09-09446 DSF (VBKx)** <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DEFENDANT JULIO CANANI'S BANK RECORDS** <br><br> Complaint Filed:     December 23, 2009 |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

WHEREAS, plaintiff Everest Stables, Inc. and defendants Julio Canani, individually and d/b/a Tarma Corporation ("Canani") has agreed to provide to Plaintiff, solely for purposes of case evaluation, and without waiver of any right to privacy and/or other objections in proceedings in this matter, to plaintiff Everest Stables, Inc. ("Plaintiff") and its counsel (individually each a "party" and collectively the "parties"), and believe that good cause exists for entry of this Stipulated Protective Order (the "Protective Order") in accordance with this stipulation; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of Canani's private bank records from his Bank of America accounts (the "Banking Information");

IT IS HEREBY stipulated and ordered that the following shall govern the Banking Information in the course of this civil action:

1.      "Banking Information" shall mean documents, and information contained therein, related to Canani's accounts with Bank of America, including but not limited to, statements, copies of checks, wire confirmations and/or any other documents maintained by Bank of America with respect to Canani's accounts.

2.      Banking Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order, except with the prior written consent of the producing party or upon prior order of this Court.

3.      All Banking Information shall be subject to this Protective Order, and use or disclosure of such information so designated shall be restricted as set forth herein.

4.      The provision of Banking Information for the limited purpose of case evaluation shall not be deemed a waiver of any privilege and/or objection to further disclosures of the Banking Information as set forth herein, including but not limited to, objections to its relevance and/or exclusion from the record based on Canani's right to privacy.

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

2

5.      Banking Information may be disclosed only to the following persons, without leave of this Court:

a.      Plaintiff's principal, Jeffrey Nielson;

b.      Plaintiff's outside counsel of record in this action, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

6.      No Banking Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 7(a) and (b) until that individual has been given a copy of this Protective Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A.  The original of each undertaking shall be retained until the conclusion of this action, including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information.

7.      Any person receiving Banking Information shall not disclose such information to any person who is not entitled to receive such information under this Protective Order.  If Banking Information is disclosed to any person not entitled to receive disclosure of such information under this Protective Order, the person responsible for the disclosure will inform counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

8.      If Plaintiff wishes to file documents containing Banking Information, he must give Canani fifteen (15) days advance notice of such intended filing, so that Canani can, if appropriate, file an *ex parte* application challenging the filing of the document on any ground.  Further, in the event of any filing of Banking Information, whether or not Canani files and *ex parte* application relating thereto, no banking documents shall be filed without first redacting information revealing the account

Katten

KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

3

number, the balance and/or Canani's social security number or other personal information.

9.      Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party producing Banking Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

10.      The inadvertent production of any Banking Information, shall not be deemed a waiver or impairment of any claim of privilege or protection, including the privacy privilege provided by the California Constitution, the producing party shall promptly provide notice to the receiving party in writing when inadvertent production is discovered.  Upon receiving written notice from the producing party that Banking Information, has been inadvertently produced, documents containing such information shall be returned to counsel for the producing party and the receiving party shall not use such information for any purpose.  In response to an application to the Court by the receiving party to compel production of such documents and/or information, the producing party may submit the documents or testimony at issue to the Court for *in camera* inspection.

11.      Nothing herein shall prevent or prejudice any party or non-party from seeking additional relief from the Court not specified in this Protective Order, or from applying to the Court for further or additional protective orders; or from obtaining relief from this Protective Order, as justice or equity may require.

12.      By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be subject to disclosure in another case.  Any person or party subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential Information pursuant to this Protective Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

4

13.     In the event that Plaintiff (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Banking Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Banking Information and shall give prompt written notice to the producing party. If the person seeking access to the Banking Information takes action against the party covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Protective Order. Nothing in this Protective Order shall be construed as precluding production of Banking Information covered by this Protective Order in response to a lawful court order.

14.     Within sixty (60) days after the conclusion of this action, including appeal, after entry of a final order in this action, or after the parties have executed a settlement agreement in this action, all Banking Information shall be destroyed by Plaintiff or shall be returned to the producing party.

15.     Nothing contained in this Protective Order shall prevent Canani from using his own Banking Information in any way he chooses.

16.     This Protective Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an order of the Court.

\ \ \

\ \ \

\ \ \

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

CV09 DSF (VBKx)

17.     The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary.

SO STIPULATED AND AGREED.


Dated: December 23, 2010          KATTEN MUCHIN ROSENMAN LLP


By: _____ /s/Daniel A. Platt _____
        Daniel A. Platt
Attorneys for Defendant JULIO CANANI,

Dated: December 23, 2010          FOLEY & MANSFIELD P.L.L.P.


By: _____ /s/Thomas Pahl _____
        Thomas Pahl
Attorneys for plaintiff EVEREST STABLES, INC.

## ORDER

The Court has reviewed and considered the above Stipulated [Proposed] Protective Order relating to Canani's Banking Information.  Good cause appearing thereon, the Stipulation, which is incorporated herein by reference as if fully set forth, shall be the Order of this Court.


**IT IS SO ORDERED**


Dated: __January 10, 2011___          _____/s/_____
                                          UNITED STATES MAGISTRATE JUDGE

31551229_1_342426_00001                                      CV09 DSF (VBKx)

1

2

## **EXHIBIT A**

3        I, _____ hereby acknowledge that as

4   a condition of being given access to Banking Information as that term is defined in the

5   Stipulated Protective Order (the "Protective Order") in this action, I am required to

6   agree to certain restrictions on any use of such Banking Information; that such

7   Banking Information is governed by the Protective Order, which I have read; and I

8   hereby agree to be bound by the terms of that Protective Order, including any

9   penalties for breach of its confidentiality provisions.

10

11

12   Signature: _____ Printed Name_____

13   Dated: _____, 2010

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax