1  Thomas W. Pahl, Esq. (SBN 264189)
   Peter B. Langbord, Esq. (SBN 144319)
2  Kaarin S. Nelson, Esq. (Admitted Pro Hac Vice)
   **FOLEY & MANSFIELD P.L.L.P.**
3  300 South Grand Avenue, Suite 2800
   Los Angeles, CA 90071
4  Telephone: (213) 283-2100
   Facsimile:  (213) 283-2101
5  Email: tpahl@foleymansfield.com

6  Attorneys for Plaintiff,
7  **EVEREST STABLES, INC.**

8  Daniel A. Platt, Esq. (SBN 132665)
   Evan Dwin, Esq. (SBN 241027)
9  **KATTEN MUCHIN ROSENMAN LLP**
   2029 Century Park East, Suite 2600
10 Los Angeles, CA  90067-3012
   Telephone: (310) 788-4400
11 Facsimile:  (310) 788-4471
   Email: daniel.platt@kattenlaw.com
12

13 Attorneys for Defendants,
   **JULIO CANANI INDIVIDUALLY**
14 **AND D/B/A TARMA CORPORATION**

15 Roger Licht, Esq. (SBN 82315)
   9230 W. Olympic Boulevard
16 Suite 202
   Beverly Hills, CA 90212-4673
17
18 **APPEARING PRO SE**

19 Richard G. Anderson, Esq. (Cal. Bar No. 041246)
   Richard A. Lepore, Esq. (Cal. Bar No. 103341)
20 Jeff W. LeBlanc, Esq. (Cal Bar No. 253200)
   **RICHARD G. ANDERSON, INC., A.P.L.C.**
21 1365 West Foothill Blvd., Suite 2
   Upland, CA 91786
22 Telephone: (909) 949-2226
   Facsimile: (909) 985-7553
23

24 Attorneys for Defendant,
   **ANTONIO CARLOS AVILA**
25
26 Samuel D. Hinkle, Esq. (Cal. Bar No. 057306)
   **STOLL KEENON OGDEN PLLC**
   2000 PNC Plaza
27 500 West Jefferson Street

28

```
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099
sam.hinkle@skofirm.com

David T. Royse, Esq. (Admitted Pro Hac Vice)
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093
david.royse@skofirm.com

Steve R. Schwartz, Esq. (Cal. Bar No. 72573)
George M. Wallace, Esq. (Cal. Bar No. 101472)
WALLACE, BROWN & SCHWARTZ
215 North Marengo Avenue, Third Floor
Pasadena, CA 91101
Telephone: (626) 844-6777
Facsimile: (626) 795-0353
sschwartz@wbslaw.com
gwallace@wbslaw.com

Attorneys for Defendant,
GODOLPHIN RACING LLC
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST STABLES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JULIO CANANI, individually and d/b/a TARMA CORPORATION, ROGER LICHT, ANTONIO CARLOS AVILA, and GODOLPHIN RACING LLC <br><br> Defendants. | Case No. CV 09-09446 DSF (VBKx) <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION** |

WHEREAS, plaintiff Everest Stables, Inc. and defendants Julio Canani,

individually and d/b/a Tarma Corporation, Roger Licht, Antonio Carlos Avila and Godolphin Racing LLC (individually each a "Party" and collectively the "Parties"), believe that good cause exists for entry of this Stipulated Protective Order (the "Protective Order"); and

WHEREAS, the Parties have, through counsel, stipulated to entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of Confidential Information;

IT IS HEREBY ORDERED that the following provisions of this Protective Order shall govern Confidential Information produced by a Party or its affiliates in the course of this civil action:

1. "Confidential Information" shall mean information and tangible things that the designating Party reasonably and in good faith believes contain: a) non-public proprietary information of one of the Parties, their affiliates, or a third party; and b) non-public financial information that has not previously been disclosed to any person or entity absent a confidentiality agreement (including without limitation banking transactions); c) non-public information of a personal or intimate nature regarding an individual; or d) any other category of non-public information hereinafter given confidential status by mutual agreement of the Parties and/or by order of this Court. Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means. All copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed to contain Confidential Information, as applicable. Information previously disclosed to the public shall not be deemed Confidential Information.

2. Confidential Information may be disclosed, disseminated and used by the receiving Party only for purposes of this civil action. Confidential Information

shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order, except with the prior written consent of the producing Party or upon prior order of this Court.

     3.    The term "producing Party" means the Party or person disclosing the information and designating it as Confidential Information under this Protective Order.

     4.    The term "receiving Party" means the Party to whom the Confidential Information is disclosed.

     5.    The Parties may designate material containing Confidential Information in the following manner:

          a.    Documents produced in discovery that contain Confidential Information shall be designated by stamping the word "CONFIDENTIAL" on the margin of such documents, or using another reasonable method agreed to in writing by the Parties.

          b.    A Party may, on the record of a deposition or by written notice to opposing counsel not later than thirty days after receipt of the deposition transcript, designate any portions of a deposition "CONFIDENTIAL" based on a good faith determination that any portions so designated contain Confidential Information.  To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL."

          c.    Confidential Information contained in any affidavit, brief, memorandum or other paper filed with the Court in this action may be designated as Confidential Information by indicating on the face of such documents that one or more Parties consider them to contain Confidential Information, as applicable.

     6.    Such designated information shall thereafter be subject to this Protective Order, and use or disclosure of such information so designated shall be restricted as set forth herein.

7. Material designated "CONFIDENTIAL" and any summary, description or report containing such information designated as "CONFIDENTIAL," may be disclosed only to the following persons, without leave of this Court:

    a. the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    b. independent consultants and experts who are not current employees of any Party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

    c. a Party, including in the case of corporate Parties, their directors and officers, and employees designated to assist counsel in this action;

    d. witnesses and deponents in this action who are shown the Confidential Information while testifying and potential witnesses in this action who are shown the Confidential Information while interviewed by counsel in the investigation of this case;

    e. graphics or design services personnel retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this action;

    f. non-technical jury or trial consulting services retained by counsel;

    g. document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain and/or operate computer systems or, litigation databases, or to convert data for inclusion in such databases;

    h. in-house counsel for the Parties; and

    i. the Parties' outside counsel of record in this action and any other counsel for a Party that appears in this action, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action.

  8. No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 7(b), and (d)-(g) until that individual has been given a copy of this Protective Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A.  The original of each undertaking shall be retained until the conclusion of this action, including all appeals, by counsel for each Party who intends to or does disclose to such individual any Confidential Information.

  9. A Party may exclude from a deposition any person who is not entitled to have access to Confidential Information when such information is the subject of examination.

  10. Any person in possession of Confidential Information shall exercise due care with regard to the storage, custody or use of such Confidential Information to ensure that the confidential nature of the same is maintained in conformity with this Protective Order.

  11. If a Party disagrees with the designation of any information as Confidential Information, such Party shall first make its objection known to the producing Party and request a change of designation.  The Parties shall try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court following written notice of disagreement, except that in the case where such a dispute might arise during a deposition being conducted in this action, the aggrieved Party may take a break from the examination to contact the Court for

purposes of obtaining a ruling on the matters in dispute.  The burden of proving that information has been properly designated as Confidential Information is on the Party making such designation.  Until there is a determination by the Court, the information at issue shall be treated as Confidential Information, as applicable, and shall be subject to the terms of this Protective Order.  Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating Party that the material constitutes or contains Confidential Information.

12. Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Protective Order.  If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Protective Order, the person responsible for the disclosure will inform counsel for the producing Party and, without prejudice to other rights and remedies of any Party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received such information.

13. If a Party wishes to file documents containing Confidential Information with the Court, said materials are to be filed under seal.  In filing such materials under seal, the Parties shall abide by all relevant statutes, local rules (including, but not limited to, Local Rule 79-5) and procedures set forth by the Court and/or the Court Clerk.

14. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders or permits such disclosure.

15. The inadvertent production of any Confidential Information or otherwise protected or exempted information, as well as the inadvertent production

of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing Party shall promptly provide notice to the receiving Party in writing when inadvertent production is discovered.  Upon receiving written notice from the producing Party that Confidential Information, privileged information or work-product material has been inadvertently produced, documents containing such information shall be returned to counsel for the producing Party and the receiving Party shall not use such information for any purpose except application to the Court.  In response to an application to the Court by the receiving Party to compel production of such documents and/or information, the producing Party may submit the documents or testimony at issue to the Court for *in camera* inspection.

16.   Nothing herein shall prevent or prejudice any Party or non-party from seeking additional relief from the Court not specified in this Protective Order, or from applying to the Court for further or additional protective orders; or from obtaining relief from this Protective Order, as justice or equity may require.

17.   Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order, and materials produced by third parties shall be treated in conformance with this Protective Order.

18.   By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be subject to disclosure in another case.  Any person or Party subject to this Protective Order that may be subject to a motion to disclose another Party's information designated Confidential Information pursuant to this Protective Order shall promptly notify that Party of the motion so that it may have

an opportunity to appear and be heard on whether that information should be disclosed.

19. In the event that any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a Party, or (c) is served with any other legal process by a person not a Party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information by another Party, the Party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information and shall give prompt written notice to the producing Party.  If the person seeking access to the Confidential Information takes action against the Party covered by this Protective Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Protective Order.  Nothing in this Protective Order shall be construed as precluding production of Confidential Information covered by this Protective Order in response to a lawful court order.

20. Within sixty (60) days after the conclusion of this action, including appeal, after entry of a final order in this action, or after the Parties have executed a settlement agreement in this action, all Confidential Information shall be destroyed by all receiving Parties or shall be returned to the producing Party. Notwithstanding the foregoing, counsel of record for each Party may maintain in its files one copy of each document filed with the Court containing Confidential Information and a copy of all depositions (and exhibits) and any notes or memoranda relating thereto. All such material shall remain subject to the terms of this Protective Order.

21. Nothing contained in this Protective Order shall prevent a producing Party from using its own Confidential Information in any way it chooses.

22. This Protective Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the Parties or by an order of the Court.

23. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary.

SO STIPULATED AND AGREED.

Dated: January 25, 2011                    KATTEN MUCHIN ROSENMAN LLP


                                           By:  /s/ Daniel A. Platt
                                                Daniel A. Platt

                                           Attorneys for Defendant JULIO CANANI

Dated: January 25, 2011                    FOLEY & MANSFIELD P.L.L.P.


                                           By:  /s/ Thomas W. Pahl
                                                Thomas W. Pahl
                                           Attorneys for Plaintiff EVEREST
                                           STABLES, INC.

Dated: January 25, 2011                    STOLL KEENON OGDEN PLLC


                                           By:  /s/ David T. Royse
                                                David T. Royse

                                           Attorneys for Defendant GODOLPHIN
                                           RACING LLC

Dated: January 25, 2011                    RICHARD G. ANDERSON LAW
                                           OFFICES

10

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL DOCUMENTS AND INFORMATION

By: /s/ Richard G. Anderson
Richard G. Anderson

Attorneys for Defendant ANTONIO CARLOS AVILA

Dated: January 25, 2011

By: /s/ Roger Licht
Roger Licht, *Pro se*

**IT IS SO ORDERED:**

Dated: February 02, 2011

//s
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL DOCUMENTS AND INFORMATION

# **EXHIBIT A**

I, _____ hereby acknowledge that as a condition of being given access to Confidential Information as those terms are defined in the Stipulated Protective Order (the "Protective Order") in this action, I am required to agree to certain restrictions on any use of such Confidential Information; that such Confidential Information is governed by the Protective Order, which I have read; and I hereby agree to be bound by the terms of that Protective Order, including any penalties for breach of its confidentiality provisions.

Signature: _____  Printed Name_____

Dated: _____, 2011