JS 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVEREST STABLES, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>JULIO CANANI, individually and d/b/a, TARMA CORPORATION, and ROGER LICHT,<br><br>Defendants. | CASE NO:CV 09-09446 DSF (VBKx)<br><br>**JUDGMENT ON SPECIAL VERDICT** |

This action came on for trial on June 19, 2012, in the United States District Court, Central District of California, the Honorable Dale S. Fischer presiding. Attorneys Thomas W. Pahl and Shawn M. Dobbins appeared on behalf of plaintiff, Everest Stables, Inc. Attorneys John V. Gaule and Michael L. Oddenino appeared on behalf of defendant, Julio Canani, individually and d/b/a, Tarma Corp. Defendant Roger Licht appeared *in propria persona*.

A jury of eight persons was regularly impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special questions. The jury deliberated and thereafter returned into court on June 28, 2012, with its verdict as follows:

[PROPOSED] JUDGMENT ON SPECIAL VERDICT

1

## BREACH OF FIDUCIARY AND AGENCY DUTIES TO EVEREST AGAINST CANANI

**Question 1:** Did defendant Julio Canani, individually and d/b/a Tarma Corp. ("Canani"), act as an agent for Everest Stables with respect to matters involving the horses LADY LUMBERJACK or SILENT STALK?

　　　　Yes  X      No ___

**Question 2:** Did defendant Canani act as an agent for Everest Stables with respect to matters involving the horses ALL MAN, CATANA PEREZ, DITTO THIS, MINI DO, VOODOO'S VISION or STAND TALL?

　　　　Yes  X      No ___

**Question 3:** Did defendant Canani act as an agent for Everest Stables with respect to matters involving the horse TWO STEP SALSA?

　　　　Yes  X      No ___

**Question 4:** If you answered "Yes" to Question 1, did defendant Canani breach his fiduciary and agency duties to Everest Stables by misrepresenting the horses' physical condition or misrepresenting and concealing his role and involvement in order to convince Everest Stables to sell LADY LUMBERJACK or SILENT STALK at lower prices? (If you answered "No" to Question 1, leave this blank.)

　　　　Yes  X      No ___

**Question 5:** If you answered "Yes" to Question 2, did defendant Canani breach his fiduciary and agency duties to Everest Stables by misrepresenting the horses' physical condition or misrepresenting and concealing his role and involvement in order to convince Everest Stables to sell the following horses at lower prices: ALL MAN, CATANA PEREZ, DITTO THIS, MINI DO, VOODOO'S VISION, or STAND TALL? (If you answered "No" to Question 2, leave this blank.)

　　　　Yes  X      No ___

**Question 6:** If you answered "Yes" to Question 3, did defendant Canani breach his fiduciary and agency duties to Everest Stables by misrepresenting the physical

1  condition or concealing facts regarding the horse TWO STEP SALSA?  (If you
2  answered "No" to Question 3, leave this blank.)
3          Yes ___   No  X 
4  **Question 7:** If you answered "Yes" to any of questions 4, 5 or 6, did defendant
5  Canani's breach of his fiduciary and agency duties cause damages to Everest
6  Stables?  (If you answered "No" to all three Questions 4, 5 and 6, leave this blank
7  and proceed to Question 8.)
8          Yes  X   No ___
9
10 **FRAUD AGAINST CANANI**
11 **Question 8:** Did defendant Canani unlawfully conceal and misrepresent his role and
12 involvement with respect to the purchase of LADY LUMBERJACK and SILENT
13 STALK or misrepresent with fraudulent intent the true physical condition of LADY
14 LUMBERJACK or SILENT STALK to Everest Stables?
15         Yes  X   No ___
16 **Question 9:** Did defendant Canani unlawfully conceal and misrepresent his role and
17 involvement with respect to Tarma Corp. or misrepresent with fraudulent intent the
18 true physical condition of ALL MAN, CATANA PEREZ, DITTO THIS, MINI DO,
19 VOODOO'S VISION, or STAND TALL to Everest Stables?
20         Yes  X   No ___
21 **Question 10:** Did defendant Canani unlawfully conceal material facts or
22 misrepresent with fraudulent intent the true physical condition of TWO STEP
23 SALSA to Everest Stables?
24         Yes ___   No  X 
25 **Question 11:** If you answered "Yes" to any of questions 8, 9 or 10, did the
26 concealment of material facts about his role and involvement or misrepresentation of
27 the true physical condition of the horse or horses cause damages to Everest Stables?
28

(If you answered "No" to all of Questions 8, 9 and 10, leave this blank and proceed to Question 12.)

        Yes _X_     No ___

## CIVIL CONSPIRACY AGAINST CANANI

**Question 12:** Did defendant Canani conspire with defendant Roger Licht ("Licht") to fraudulently induce Everest Stables to sell the horses LADY LUMBERJACK or SILENT STALK at a price below the true value of each or either horse?

        Yes _X_     No ___

**Question 13:** If you answered "Yes" to Question 12, did the conspiracy between Canani and Licht cause damages to Everest Stables? (If you answered "No" to Question 12, leave this blank and proceed to Question 14.)

        Yes _X_     No ___

## UNJUST ENRICHMENT AGAINST CANANI

**Question 14:** Did defendant Canani obtain, and unjustly retain, financial benefits from the sale of LADY LUMBERJACK, SILENT STALK, ALL MAN, CATANA PEREZ, DITTO THIS, MINI DO, VOODOO'S VISION, STAND TALL or TWO STEP SALSA?

        Yes _X_     No ___

**Question 15:** If you answered "Yes" to Question 14, did Canani's financial benefits from the sale of LADY LUMBERJACK, SILENT STALK, ALL MAN, CATANA PEREZ, DITTO THIS, MINI DO, VOODOO'S VISION, STAND TALL or TWO STEP SALSA deprive Everest of its property or the true value of its property? (If you answered "No" to Question 14, leave this blank and proceed to Question 16.)

        Yes _X_     No ___

### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AGAINST LICHT

**Question 16:** If you answered "Yes" to Question 4 (if you answered "No" to Question 4 above, then leave this blank and proceed to Question 18), did defendant Licht aid and abet Canani to breach his fiduciary and agency duties to Everest Stables by unlawfully concealing Canani's role and involvement or assisting in misrepresenting the horses' physical condition in order to convince Everest Stables to sell LADY LUMBERJACK or SILENT STALK at lower prices?

Yes _X_    No ___

**Question 17:** If you answered "Yes" to Question 16, did Licht's aiding and abetting Canani's breach of his fiduciary and agency duties cause damages to Everest Stables?  (If you answered "No" to Question 16, leave this blank and proceed to Question 18.)

Yes _X_    No ___

### FRAUD AGAINST LICHT

**Question 18:** Did defendant Licht unlawfully conceal or misrepresent with fraudulent intent the nature and extent of Canani's role and involvement in Licht's offer and purchase of LADY LUMBERJACK or SILENT STALK?

Yes _X_    No ___

**Question 19:** If you answered "Yes" to Question 18, did Licht's unlawful concealment or misrepresentation of Canani's role and involvement cause damages to Everest Stables?  (If you answered "No" to Question 18, leave this blank and proceed to Question 20.)

Yes _X_    No ___

## CIVIL CONSPIRACY AGAINST LICHT

**Question 20:** Did Licht conspire with defendant Canani to fraudulently induce Everest to sell the horses LADY LUMBERJACK or SILENT STALK at prices below the true value of each or either horse?

    Yes  X     No ___

**Question 21:** If you answered "Yes" to Question 20, did the conspiracy between Licht and Canani cause damages to Everest Stables? (If you answered "No" to Question 20, leave this blank and proceed to Question 22.)

    Yes  X     No ___

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST LICHT

**Question 22:** Did defendant Licht breach his contractual duties of good faith and fair dealing by intentionally misrepresenting to Everest Stables, Canani's involvement in the purchase, future training and loan to purchase LADY LUMBERJACK or SILENT STALK?

    Yes  X     No ___

**Question 23:** If you answered "Yes" to Question 22, did Licht's breach of contractual duties of good faith and fair dealing by intentionally misrepresenting Canani's involvement cause damages to Everest Stables? (If you answered "No" to Question 22, leave this blank and proceed to Question 24.)

    Yes  X     No ___

## UNJUST ENRICHMENT AGAINST LICHT

**Question 24:** Did defendant Licht obtain, and unjustly retain, financial benefits from the sale of LADY LUMBERJACK or SILENT STALK?

    Yes  X     No ___

**Question 25:** If you answered "Yes" to Question 24, did Licht's financial benefits from the sale of LADY LUMBERJACK or SILENT STALK deprive Everest


Stables of its property and/or the true value of its property? (If you answered "No" to Question 24, leave this blank and proceed to Question 26.)

Yes __X__    No ____

## DAMAGES

**Question 26:** If you answered "Yes" to any or all of Questions 7, 11, 13, 15, 17, 19, 21, 23, or 25 (above), what amount of damages were sustained by Everest Stables, if any, with respect to:

| | |
|---|---|
| LADY LUMBERJACK | $ 0 |
| SILENT STALK | $ 6,250 |
| ALL MAN | $ 20,000 |
| CATANA PEREZ | $ 0 |
| DITTO THIS | $ 10,000 |
| MINI DO | $ 5,000 |
| VOODOO'S VISION | $ 0 |
| STAND TALL | $ 7,500 |
| TWO STEP SALSA | $ 0 |

**Question 27**: If you awarded damages in connection with LADY LUMBERJACK or SILENT STALK in Question 26, and assuming that 100% represents the total fault for Everest Stables' harm or damages associated with LADY LUMBERJACK or SILENT STALK, what percentage of this 100% is attributable to the fault, if any, of the following:

To JULIO CANANI, INDIVIDUALLY AND D/B/A TARMA CORP.   __75__ %

To ROGER LICHT   __25__ %

**Question 28:** Did defendant Canani act with malice, oppression or fraud against Everest Stables, or in reckless disregard of Everest Stables' rights?

Yes __X__    No ____

[PROPOSED] JUDGMENT ON SPECIAL VERDICT

7

**Question 29:** If you answered "Yes" to Question 28, what do you find to be the amount of punitive damages to be awarded in favor of Everest Stables and against Canani? (If you answered "No" to Question 28, leave this blank and proceed to Question 30.)

$   37,500   

**Question 30:** Did defendant Licht act with malice, oppression or fraud against Everest Stables, or in reckless disregard of Everest Stables' rights?

Yes _X_    No ___

**Question 31:** If you answered "Yes" to Question 30, what do you find to be the amount of punitive damages to be awarded in favor of Everest Stables and against Licht? (If you answered "No" to Question 30, leave this blank.)

$   12,500   

**IT IS THEREFORE ORDERED AND ADJUDGED** that judgment is hereby entered in favor of Everest Stables, Inc. as follows:

1. Judgment is entered in favor of plaintiff EVEREST STABLES, INC. and against defendant JULIO CANANI, INDIVIDUALLY AND D/B/A, TARMA CORP. in the amount of $ _84,687.50_ .

2. Judgment is entered in favor of plaintiff EVEREST STABLES, INC. and against defendant ROGER LICHT in the amount of $ _14,062.50_ .

3. Costs are granted as determined by Application to the Clerk of Court.

4. The amount of judgments referred to in paragraphs 1 and 2, to the extent of $ _6,250.00_ , and along with any award of costs, shall be joint and severable against defendant JULIO CANANI, INDIVIDUALLY AND D/B/A, TARMA CORP., and against defendant ROGER LICHT.

DATED: __7/31/12__          _Dale S. Fischer_
                            Dale S. Fischer
                            UNITED STATES DISTRICT JUDGE

| | | |
|---|---|---|
| 1 | APPROVED AS TO FORM: | |
| 2 | Dated: July _____, 2012 | FOLEY & MANSFIELD, PLLP |
| 3 | | |
| 4 | | By: /s/ |
| | | Thomas W. Pahl, Esq. (SBN 264189) |
| 5 | | Peter B. Langbord, Esq. (SBN 144319) |
| | | Shawn M. Dobbins, Esq. (admitted *pro hac vice*) |
| 6 | | **FOLEY & MANSFIELD, PLLP** |
| | | 300 South Grand Avenue, Suite 2800 |
| 7 | | Los Angeles, CA 90071 |
| | | Telephone: (213) 283-2100 |
| 8 | | Facsimile:  (213) 283-2101 |
| | | Email: tpahl@foleymansfield.com |
| 9 | | |
| | | Attorneys for Plaintiff, |
| 10 | | **EVEREST STABLES, INC.** |
| 11 | Dated: July _____, 2012 | ODDENINO & GAULE |
| 12 | | |
| 13 | | By: /s/ |
| | | John V. Gaule, Esq. (SBN105780) |
| 14 | | **ODDENINO & GAULE** |
| | | 444 East Huntington Drive |
| 15 | | Suite 325 |
| | | Arcadia, CA 91006 |
| 16 | | Telephone: (626) 447-5454 |
| | | Facsimile:  (626) 447-8354Email: |
| 17 | | john@oddlaw.net |
| 18 | | Attorney for Defendant, |
| | | **JULIO CANANI, individually and d/b/a** |
| 19 | | **TARMA CORP.** |
| 20 | | |
| 21 | Dated: July _____, 2012 | By: /s/ |
| | | Roger Licht, Esq. (SBN 82315) |
| 22 | | 9230 W. Olympic Boulevard |
| | | Suite 202 |
| 23 | | Beverly Hills, CA 90212-4673 |
| 24 | | Appearing *Pro Per* |

**[PROPOSED] JUDGMENT ON SPECIAL VERDICT**

9